

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| J.T. SHANNON LUMBER COMPANY, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | DOCKET NO. 2:07CV119-P-A |
| GILCO LUMBER, INCORPORATED, JIANLIANG "GARY" XU, CLAIRE CHEN, RICHARD BARRETT, and JOHN DOES 1, 2 and 3 | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW the Plaintiff, J.T. Shannon Lumber Company, Inc., and complains of the Defendants, Gilco Lumber, Incorporated, Jianliang "Gary" Xu, Claire Chen, Richard Barrett, and John Does 1, 2 and 3, and says:

1. The Plaintiff, J.T. Shannon Lumber Company (hereinafter "Shannon Lumber"), is a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business located in Horn Lake, Desoto County, Mississippi.

2. The Defendant, Gilco Lumber, Incorporated, (hereinafter "Gilco Lumber") is a West Virginia corporation with its principal place of business located in South Charleston, West Virginia.

3. The Defendant, Jianliang "Gary" Xu (hereinafter "Gary Xu"), is an adult resident citizen of Canada, currently residing in Shanghai, China, and was, immediately prior to the filing of this action, an employee of J.T. Shannon Lumber Company, Inc.

4. The Defendant, Claire Chen, is an adult resident citizen of Canada presently residing in Shanghai, China, and is an employee of Gilco Lumber, Incorporated, in South Charleston, West Virginia.

5. The Defendant, Richard Barrett, is an adult resident citizen of Minnesota, and may be served with process at his place of employment in Maple Grove, Minnesota.

6. The Defendants John Does 1, 2 and 3 are unknown co-conspirators of the named Defendants whose identities are not yet known to the Plaintiff.

### Jurisdiction and Venue

7. This Court has jurisdiction of the parties and subject matter herein by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332, the amount in controversy exceeding the sum of $75,000, exclusive of costs and interest.

8. Venue is proper in this Court by virtue of the fact that the Defendant, Gilco Lumber, Incorporated, has committed torts in the State of Mississippi and has conducted business in the State of Mississippi and interfered with contracts and business relationships to be performed in whole or in part within the State of Mississippi as more particularly detailed herein.

9. Venue is proper in this Court as to the Defendant, Gary Xu, in that Gary Xu has breached fiduciary and contract duties to be performed in whole or in part in the State of Mississippi and has committed torts in the State of Mississippi.

10. Venue is proper in this Court as to the Defendant, Claire Chen, on the basis that she has committed torts in whole or in part in the State of Mississippi.

11. Venue is proper in this Court as to the Defendant, Richard Barrett, on the basis that the claims against him arise out of his former relationship as an employee of

the Plaintiff, and are based upon breach of contractual duties owed by said to Defendant, which duties were to be performed, in part, in the State of Mississippi.

## Facts

12. The Defendant, Gilco Lumber, Incorporated, is in the business of marketing and selling hardwood lumber products, as is the Plaintiff, J.T. Shannon Lumber Company, Inc. Gilco Lumber, Incorporated, prior to the end of the first quarter of 2006, sold hardwood products to Shannon Lumber International, a division of J.T. Shannon Lumber Company, Inc., with its principle offices located in Horn Lake, Mississippi, and Shannon Lumber International then resold the hardwood products to Shannon's customers in the Chinese and Asian markets.

13. The Plaintiff initiated purchase orders for the hardwood products in question at its corporate offices in Horn Lake, Mississippi, was billed by the Defendant, Gilco Lumber, Incorporated, via invoices sent to the Plaintiff's Horn Lake address and the invoices in question were paid by drawing on the Plaintiff's bank accounts maintained in Mississippi.

14. In the latter part of 2005 and first quarter of 2006, Gilco Lumber, Incorporated expressed an interest to representatives of the Plaintiff relative to sharing resources and developing its own presence in the China and Asian markets, and ultimately approached the Plaintiff's employee and China sales representative, Gary Xu.

15. The Plaintiff had expended considerable resources and time in developing the market in China and Asia generally and in establishing relationships with its customer base in the Chinese and Asian markets, and was unwilling to provide access to those resources to the Defendant, Gilco Lumber, Incorporated, or to permit its employee and

3

sales representative, Gary Xu, to work for Gilco Lumber, Incorporated, and this was communicated to both Gary Xu and Gilco Lumber, Incorporated.

16. On information and belief, the Plaintiff would show that, as early as April, 2005, the Defendant, Gilco Lumber, wrongfully obtained proprietary and confidential information from Richard Barrett (who was at the time Shannon's sales manager for international business), including but not limited to information concerning the Plaintiff's Shanghai office, its Chinese and Asian customer lists, and its methods of pricing and doing business in China.

17. On information and belief, the Plaintiff would show that the Defendant, Richard Barrett, provided proprietary and confidential information to Gilco Lumber, introduced agents and employees of Gilco Lumber to Shannon's customer contacts in China and elsewhere in the Asian market, and assisted Gilco Lumber in soliciting Shannon's employee, Gary Xu, to conspire with Gilco Lumber and Claire Chen, wrongfully sell Gilco Lumber's products to Shannon Lumber's Chinese and Asian customers, and in inducing Shannon's employee, Gary Xu, to breach his fiduciary, employment and contractual duties owed to Shannon Lumber.

18. Toward the end of the first quarter of 2006, Gilco Lumber announced that it would no longer sell its product in the Chinese and Asian markets through Shannon Lumber International, but would begin attempting to market its product directly to Chinese and Asian customers.

19. Without the knowledge of the Plaintiff, Gilco Lumber, Incorporated, subverted the Plaintiff's employee and sales representative, Gary Xu, and induced Gary Xu to breach his fiduciary and contractual duties to the Plaintiff, as his employer.

4

20. Without the Plaintiff's knowledge, Gilco Lumber, Incorporated established Claire Chen, the wife of Gary Xu, as its sales representative in China, when in reality, on information and belief, Gary Xu was providing Claire Chen and Gilco Lumber, Incorporated with customer contact information, proprietary sales information, pricing, forms and other data, and was utilizing computer equipment and hardware belonging to the Plaintiff in both its sales offices in Shanghai and located on its primary network server in Horn Lake, Mississippi.

21. At all times relevant hereto, Claire Chen was acting within the scope and capacity of her employment with and/or agency for Gilco Lumber.

22. Utilizing information and resources wrongfully pirated from the Plaintiff, the Defendants proceeded to divert sales of lumber to Chinese customers of the Plaintiff from the Plaintiff to Gilco Lumber, Incorporated.

23. In July, 2007, the Managing Director of Shannon Lumber International Division, on a routine trip to the Shanghai office, discovered information that ultimately led to the discovery of the wrongful activities of the Defendants.

24. As a result of the wrongful activities of the Defendants, J.T. Shannon Lumber Company, Inc., has lost substantial profits which would have been made on sales to its Chinese and Asian customers, has lost additional sales by virtue of Gary Xu working on behalf of Gilco Lumber, rather than his employer, Shannon Lumber, has suffered loss of good will in its China and Asian customer base, has lost business opportunities and market development, and will continue to incur losses as a result of essentially having to rebuild its sales office and business plan in China.

## COUNT ONE

25. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

26. The Defendant, Gilco Lumber, Incorporated, is guilty of intentional interference with the contractual and business relationships existing between the Plaintiff and its employees, Richard Barrett and Gary Xu.

27. The interference of the Defendant, Gilco Lumber, Incorporated, is without right or justifiable cause and was with malice.

28. The Defendant, Gilco Lumber, Incorporated, is liable for the injuries sustained by J.T. Shannon Lumber Company, Inc., as a result of its intentional interference with the contractual and business relationships of the Plaintiff.

## COUNT TWO

29. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

30. The Defendant, Gilco Lumber is guilty of inducing Richard Barrett to breach his contractual and fiduciary duties owed to the Plaintiff, including but not limited to covenants not to compete and covenants to refrain from soliciting employees and customers of the Plaintiff, as more particularly set forth in the written contract between Barrett and the plaintiff, a true and correct copy of which is attached hereto as *Exhibit A.*

31. The Defendants, Gilco Lumber and Richard Barrett are guilty of inducing Gary Xu to breach his contractual and fiduciary duties owed by Gary Xu as a result of his

6

employment with the Plaintiff and as a consequence of his contractual agreement with the Plaintiff, as evidenced by a true and correct copy of the written contract between Gary Xu and the Plaintiff, attached hereto as *Exhibit B.*

32. The Defendants, Gilco Lumber and Richard Barrett are liable to the Plaintiff for the damages and injuries sustained by the Plaintiff as a result of inducing Gary Xu to breach his fiduciary and contractual duties to the Plaintiff. Further, the Defendant, Gilco Lumber, is liable for inducing Richard Barrett to breach his fiduciary and contractual obligations to the Plaintiff.

## COUNT THREE

33. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

*34.* The Defendant, Richard Barrett, has breached fiduciary and contractual duties owed by him to the Plaintiff by virtue of his former employment with the Plaintiff and the duties arising from his written contract with the Plaintiff, a true and correct copy of which is attached hereto as *Exhibit A.*

35. The Defendant, Richard Barrett, is liable for damages sustained by the Plaintiff as a result of said breach of fiduciary duties and contractual obligations.

## COUNT FOUR

36. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

7

*37.* The Defendant, Gary Xu, has breached fiduciary and contractual duties owed by him to the Plaintiff by virtue of his employment with the Plaintiff and the duties arising from his written contract with the Plaintiff, a true and correct copy of which is attached hereto as *Exhibit B*.

38. The Defendant, Gary Xu, is liable for damages sustained by the Plaintiff as a result of said breach of fiduciary duties and contractual obligations.

## COUNT FIVE

39. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

40. The Defendants, Gilco Lumber, Richard Barrett, Gary Xu and Claire Chen engaged in acts of fraud and deception in concealing their actions from the Plaintiff, and representing to the Plaintiff that Gilco Lumber, Incorporated, would not be represented by Gary Xu in the China and Asian markets when, in fact, the Defendants intended to utilize Gary Xu's knowledge gained from the Plaintiff to make sales to Plaintiff's customers in China.

41. The Defendants further fraudulently concealed the unlawful and improper communications and industrial espionage in which they engaged, and in falsely representing that Richard Barrett and Gary Xu were acting as legitimate agents and employees of the Plaintiff when they were instead betraying their employer, revealing confidential and proprietary information to their employer's competitor, and making sales and fostering relationships on behalf of Gilco Lumber with the Plaintiff's customer base.

42. The Defendants, Gilco Lumber, Richard Barrett, Gary Xu and Claire Chen are jointly and severally liable for the injuries and damages sustained by the Plaintiff as a consequence of their joint action engaging in fraud and deception.

## COUNT SIX

43. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

44. The Defendants, Gilco Lumber, Richard Barrett, Gary Xu and Claire Chen engaged in a conspiracy to wrongfully convert proprietary and confidential information, processes, forms, pricing and other data from the Plaintiff, including but not limited to information contained on the Plaintiff's computer equipment and software located in both its Shanghai office and on its primary corporate network server located in Horn Lake, Mississippi.

45. In addition, the Defendants, Gary Xu and Claire Chen, utilized the corporate offices of the Plaintiff in Shanghai, China, as well as its business equipment, computers, forms, data, customer lists and other property belonging to the Plaintiff to make sales on behalf of the Defendant, Gilco Lumber, Incorporated, to the Plaintiff's customers in China.

46. At all times during which Gary Xu and Claire Chen were wrongfully converting and utilizing business offices, equipment and property of the Plaintiff to make the aforesaid sales, Claire Chen was acting for and on behalf of the Defendant, Gilco Lumber, and Gilco Lumber is therefore vicariously liable for the actions of its agent and employee, Claire Chen.

47. The Defendants are jointly and severally liable for conversion and piracy of corporate property and opportunities belonging to the Plaintiff, and for unjust enrichment for sales made by the Defendant, Gilco Lumber, Incorporated, and any and all commissions, salaries or other benefits obtained by the Defendants, Richard Barrett, Gary Xu and Claire Chen, for wrongfully converting corporate information and business opportunities and for utilizing the corporate resources and property of the Plaintiff in advancing the interests of the Plaintiff's competitor, Gilco Lumber.

## COUNT SEVEN

48. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

49. The Defendant, Gary Xu, is subject to a covenant not to compete as more particularly set forth in *Exhibit B*, and the Plaintiff is entitled to enjoin him from further competition, directly or indirectly, with the Plaintiff's sale of hardwood and hardwood related products in the Chinese and Asian markets. Plaintiff is further entitled to enjoin the Defendant, Gary Xu, from soliciting any of the Plaintiff's employees and/or customers and from making, directly or indirectly, any sales to Plaintiff's customers.

50. The Defendant, Richard Barrett, is subject to a covenant to refrain from soliciting Plaintiff's customers and employees as more particularly set forth in *Exhibit A*, and the Plaintiff is entitled to enjoin him from soliciting any of the Plaintiff's employees and/or customers and from making, directly or indirectly, any sales to Plaintiff's customers.

51. As a result of the wrongful and unlawful actions of the Defendants, the Plaintiff is further entitled to enjoin the Defendants, Claire Chen and Gilco Lumber, from soliciting Plaintiff's customers and employees and from making, directly or indirectly, any sales to Plaintiff's customers in China and elsewhere in the Asian market.

## COUNT EIGHT

52. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

53. Because the Defendants are guilty of wrongfully converting corporate opportunities of the Plaintiff, unlawfully using Plaintiff's proprietary and confidential information, hijacking the Plaintiff's offices and equipment, and tortiously interfering with the Plaintiff's contractual and business relationships in order to produce profits and other income for the benefit of the Defendants, the Court should order that the Defendants render a full and complete accounting for all sales made by the Defendants, directly or indirectly, in the Chinese and Asian marketplace.

54. Upon rendering such a full and complete accounting, the Defendants should be ordered to disgorge the profits and other income by which they have been unjustly enriched.

## COUNT NINE

55. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

56. The Defendants, by their unlawful and wrongful actions, are guilty of unfair competition, and the Plaintiff is entitled to judgment against the Defendants, jointly and severally, for all damages incurred by it as a consequence of such wrongful competition.

## COUNT TEN

57. The Plaintiff adopts and realleges all allegations, claims and matters set forth herein above in this Complaint by reference as if fully reproduced in words and figures.

58. On information and belief, the Plaintiff alleges that the Defendants have engaged in disparagement of the Plaintiff, its management and products and have damaged the goodwill and reputation of the Plaintiff in the Chinese and Asian markets and are liable for all damages resulting from any disparaging statements made by the Defendants.

## COUNT ELEVEN

59. The actions of the Defendants, Gilco Lumber, Richard Barrett, Gary Xu and Claire Chen are of such a gross, wanton, intentional, willful, unlawful and outrageous nature as to warrant the imposition of punitive damages and an award of the Plaintiff's attorney's fees and reasonable costs of litigation incurred herein.

### **Damages**

60. The Plaintiff is entitled to judgment against the Defendants, jointly and severally, for the following damages caused by the wrongful actions of the Defendants, to wit:

  a. Lost profits which would have been realized by the Plaintiff on sales wrongfully diverted by the Defendants.

  b. An accounting for profits, commissions, and salaries earned by the Defendants through their wrongful use and conversion of the Plaintiff's proprietary and confidential information as well as the property, equipment, offices and resources belonging to the Plaintiff, by which the Defendants were unjustly enriched.

  c. Loss of goodwill and the costs of restructuring and rebuilding the Plaintiff's China sales offices and customer base.

  d. Damages resulting from any disparagement of the Plaintiff's business by any or all of the Defendants, including damages resulting from any consequent loss of good name and reputation.

  e. Lost profits, future profits and the reasonable value of lost corporate and business opportunities wrongfully converted and/or destroyed as a result of the unlawful actions of the Defendants.

  f. Such other consequential damages flowing and resulting from the wrongful and illegal actions of the Defendants.

  g. Punitive damages.

  h. Attorney's fees and other costs of litigation as may be reasonably incurred by the Plaintiff in pursuing this action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, Gilco Lumber, Incorporated, Richard Barrett, Jianliang "Gary" Xu and Claire Chen, jointly and severally, for actual and compensatory damages in the amount of $3,000,000.00, for punitive damages in the amount of $25,000,000.00,

together with pre judgment and post judgment interest, attorney's fees and all costs of litigation incurred herein, and for preliminary and permanent injunctive relief to which the Plaintiff is entitled as more particularly set forth above. The Plaintiff prays for such other, further, general and equitable relief to which it may be entitled in the premises, and demands a jury trial of the issues presented herein.

          Respectfully submitted,

          HOLLAND, RAY, UPCHURCH & HILLEN, P.A.

          /s/ Thomas A. Wicker
          THOMAS A. WICKER, MSB #7182

HOLLAND, RAY, UPCHURCH & HILLEN, P.A.
322 JEFFERSON STREET
POST OFFICE DRAWER 409
TUPELO, MS 38802-0409
(662) 842-1721