IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

J.T. SHANNON LUMBER COMPANY, INC.                    PLAINTIFF

V.                                                                         CIVIL ACTION NO.
                                                                           2:07-CV-119

GILCO LIMBER, INCORPORATED,
JIANLIANG "GARY" XU, CLAIRE CHEN,
RICHARD BARRETT, and JOHN DOES 1, 2
and 3                                                                     DEFENDANTS

ORDER

The defendant Gilco Lumber, Incorporated, has moved to quash the subpoenas *duces tecum* served on Microsoft Corporation, Google, Inc. And Yahoo!, Inc. by the plaintiff, J.T. Shannon Lumber Company, Inc. [docket no. 111]. From each internet service provider, the plaintiff seeks the entire contents of the mailboxes of Gary Xu, Claire Chen and Richard Barrett.[1] In addition, the plaintiff requests details of the individual subscriber's accounts and user connection logs for the time period between January 1, 2005 through September 1, 2007. Gary Xu, Claire Chen and Richard Barrett are employees of the defendant and have been named as defendants in the above styled case.

Ordinarily, a party does not have standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents. 9A Charles Wright & Arthur Miller, *Federal Practice & Procedure*, § 2459. *See also Will-Drill Resources, Inc. V. J.R. Pounds, Inc.*, 2007 Wl 609791, *2 (S.D. Miss. 2007); *QC Holdings, Inc. v. Diedrich*, 2002 WL 324281, *1 (D.Kan., 2002).

---

[1] An identical set of subpoenas were issued by the District Court for the Western District of Tennessee in a case filed by the plaintiff against Richard Barrett.

Defendants ordinarily would not have standing to obtain an order quashing the subpoenas issued to the non-party internet service providers. However, because the documents sought by the plaintiff are the personal documents and the details of the email accounts of the defendant employees, the defendants have standing to seek to quash this subpoena as they have a personal interest in the documents sought from the internet service provider.

The court must quash or modify a subpoena which subjects a party to undue burden or requires the disclosure of protected matter, if no exception applies. Fed. R. Civ. Proc. 45(a)(3)(iii-iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unreasonable and oppressive. *E.A. Renfore & Co., Inc. V. Moran*, 2007 WL 41276906 (N.D. Miss 2007), citing *Wiwa v. Royal Dutch Petroleum co.*, 392 F.3d 812, 818 (5th Cir. 2004). To determine whether a subpoena is overly burdensome, the court considers the following factors: (1) relevance of the information sought; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity of the description of the documents; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818.

The Stored Communications Act of 1986 prohibits the unauthorized disclosure of stored electronic communication and customer account information unless an exception applies. 18 U.S.C. § § 2701-03 (2006). The statute prohibits a person or entity that provides an electronic communication service to the public from knowingly divulging the contents of any communication that is carried or maintained on the system. 18 U.S.C. § 2702(a). The exceptions listed in the statute do not include a civil subpoena issued under Rule 45. 18 U.S.C. § 2702(b); *In re Subpoena Duces Tecum to AOL,* , 550 F. Supp.2d 606, 611 (E.D. Va. 2008); *See*

2

*also Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004); *F.T.C. v. Netscape Communications Corp.*, 196 F.R.D 559 ( N.D. Cal. 2000). Further, an electronic communication service provider is also prohibited from divulging customer records unless an exception applies. 18 U.S.C. § 2702(c). Again, there is no exception to this statutory prohibition against disclosure pursuant to a civil discovery subpoena.

The statutory language is clear and unambiguous; thus is conclusive. *In re Subpoena Duces Tecum to AOL,* , 550 F. Supp.2d at 609. The Act creates a zone of privacy that protects internet subscribers from having their personal information wrongfully used and disclosed by unauthorized private parties. *Id.* at 610 (internal citations omitted); *Theofel*, 359 F.3d at 1072-73. Consequently, the court finds that the subpoenas *duces tecum* served on Microsoft Corporation, Google, Inc. And Yahoo!, Inc. are facially invalid.

In addition, the court finds that the subpoenas are overly burdensome to Microsoft Corporation, Google, Inc. And Yahoo!, Inc. First, the subpoenas request all of the contents of the subscribers e-mail accounts regardless of the content, much of which is most likely not related to the instant case. Second, the subpoenas request the subscribers' account information with respect to personal account information, the records of session times, the means of payment for the account and the volume of mail for each account. Finally, the subpoenas request detailed connection logs for each account for the time period of January 1, 2005 through September 1, 2007.

The subpoenas do not limit the requested documents to issues of the lawsuit, and by asking for the "full contents of the mailboxes...and any retained, backed up or offline contents" in the possession of the internet service provider, the plaintiff requests an unlimited number of

documents. This request alone is oppressive, especially when served on a non-party to a lawsuit. The breadth of the request is so expansive that it resembles a fishing expedition. Furthermore, the plaintiff has not presented a persuasive argument supporting the assertion that all of the information that it seeks with the subpoenas is likely to lead to admissible evidence. For these reasons it is

ORDERED

That the defendant's motion to quash the subpoenas *duces tecum* served on Microsoft Corporation, Google, Inc. And Yahoo!, Inc. by the plaintiff is GRANTED

This the 14th day of August, 2008.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE