## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**J. T. SHANNON LUMBER COMPANY, INC.**                                                    **PLAINTIFF**

**V.**                                                                    **CAUSE NO.: 2:07CV119-SA-SAA**

**GILCO LUMBER, INC., et al**                                                          **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is Gilco Lumber's Motion to Dismiss for Lack of Jurisdiction [40], Claire Chen's Motion to Dismiss for Lack of Jurisdiction [25], Plaintiff's Motion to Dismiss Claire Chen's Counterclaim [77], and Plaintiff's Motion to Dismiss Gilco Lumber's Counterclaim [78]. Also before the court is Gilco's Motion to Strike Portions of Jim Garrard's Affidavit [89]. The court will further address Gilco's Motion to Supplement its Rebuttal [132], and Plaintiff's Motion for Leave to file supplemental responses [139]. After reviewing the motions, responses, pertinent law and authorities, the Court finds the following:

*Factual and Procedural Background*

Gilco Lumber owns timber land and is in the business of marketing and selling hardwood lumber products. Gilco sold their hardwood lumber products to J.T. Shannon Lumber Company who then resold those products to J.T. Shannon's customers in the Chinese and Asian markets. J.T. Shannon maintained an office in Shanghai and employed Xiuling "Gary" Xu at all relevant times to handle the Chinese and Asian market business.

At some point in their business history, Gilco approached a J.T. Shannon Lumber representative and expressed an interest in sharing resources to develop Gilco's own presence in the Chinese and Asian markets. In furtherance of that venture, Scott England, Gilco's vice president, visited J.T. Shannon's lumber yard in Mississippi to discuss the transaction. J.T. Shannon ultimately

did not agree to the arrangement. Gilco subsequently announced that it would no longer sell its products in the Chinese and Asian markets through Shannon but would begin marketing its product directly to Chinese and Asian customers.

On a routine visit to the Shanghai office in June of 2007, a J.T. Shannon employee learned that the J.T. Shannon computer in the Shanghai office was being used to order Gilco products without the authority of J.T. Shannon. J.T. Shannon alleges that Gary Xu and his wife, Claire Chen, used and accessed the J.T. Shannon Lumber Company customer database to market Gilco products to J.T. Shannon customers.

J.T. Shannon filed this complaint in July of 2007, alleging the following: Gilco intentionally interfered with the contractual and business relationship between J.T. Shannon and Xu; Gilco and Chen wrongfully induced Xu to breach his contractual and fiduciary duties owed to J.T. Shannon as a result of his employment contract; Xu breached those fiduciary duties and violated his covenant not to compete with J.T. Shannon; Gilco, Xu, and Chen engaged in acts of fraud and deception in concealing their actions from J.T. Shannon, engaged in a conspiracy to convert J.T. Shannon's proprietary, confidential trade secret information, wrongfully converted J.T. Shannon's corporate opportunities, engaged in unfair competition, disparaged J.T. Shannon, violated the Mississippi Uniform Trade Secrets Act, violated the Computer Fraud and Abuse Act, and intentionally trespassed and misappropriated the goods and chattels of J.T. Shannon. J.T. Shannon further requested that punitive damages be imposed against all defendants.

Gilco is a West Virginia Corporation located in Charleston, West Virginia. It is not qualified to do business in Mississippi, nor does it have an office or agent in Mississippi. Gilco pays no taxes in Mississippi and sends no salespersons to Mississippi. Claire Chen is an adult citizen of Canada,

currently residing in China. Chen does not own or lease real property in the State of Mississippi.

Chen does not maintain any bank account in Mississippi. Chen claims, in fact, to never have visited

Mississippi nor conducted any business in Mississippi. Claire Chen and Gilco Lumber filed motions

to dismiss for lack of personal jurisdiction. The Plaintiff also filed motions to dismiss Chen and

Gilco's counterclaims.

*Discussion and Analysis*

When a district court rules on a motion to dismiss for lack of personal jurisdiction without

an evidentiary hearing, the plaintiff must only make a prima facie case that jurisdiction is proper.

Quick Techs., Inc. v. Sage Group, PLC, 313 F.3d 338, 343 (5th Cir. 2002). In determining whether

a prima facie case for personal jurisdiction exists, a Court must accept the uncontroverted allegations

in the plaintiff's complaint as true, and all factual conflicts contained in the parties' affidavits must

be resolved in favor of the plaintiff. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

In an affidavit submitted in response to Gilco and Chen's motions to dismiss, Jim Garrard,

a J.T. Shannon executive vice president, asserts that by accessing the hard drives of the Shanghai

computer he was able to determine that "Gary Xu and his wife, the defendant, Claire Chen, an

employee and agent of Gilco who also was physically located in Shanghai, China, [made] lumber

sales for Gilco to Shannon's customers in China." Moreover, Garrard continually makes reference

to the alleged wrongs done by "Gary Xu and/or Claire Chen." Garrard also testifies to the following:

> Based upon . . . my initial investigation, I determined that files and information
> maintained on Shannon's file server in Horn Lake, Mississippi, were wrongfully
> accessed, obtained and converted by Claire Chen and Gary Xu so that Gilco could
> and did conduct lumber sales to Shannon's customers.

Gilco requests that this Court strike the portions of Jim Garrard's affidavit that are speculative,

conclusory, and not supported by personal knowledge. As further explained below, the Court finds the Motion to Strike moot as the court did not consider those portions of Jim Garrard's affidavit which Gilco seeks to exclude when rendering a decision on the motions to dismiss.

A. *Personal Jurisdiction*

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed a state court under applicable state law. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048, 118 S. Ct. 691, 139 L. Ed. 2d 637 (1998). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." Allred, 117 F.3d at 281 (quoting Cycles, Ltd. v. W. J. Digby, Inc., 889 F.2d 612, 616 (5th Cir. 1989)). However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendants, we need not consider the due process issue. Cycles, 889 F.2d at 616.

Mississippi's long-arm statute, which consists of three prongs - the contract prong, the tort prong, and the doing business prong - provides:

> Any nonresident . . . corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. Thus, in order to exercise jurisdiction over the defendants, the court must find that (1) the defendants entered into a contract with plaintiff to be performed in whole or

in part in Mississippi; or (2) the defendants committed a tort, in whole or in part, against a plaintiff in Mississippi; or (3) the defendants were "doing business" in Mississippi. See Roxco, Ltd. v. Harris Specialty Chem., Inc., 133 F. Supp. 2d 911, 915 (S.D. Miss. 2000). Here, Plaintiff and Defendants agree that in personam jurisdiction over Claire Chen and Gilco Lumber is only available under either the tort prong or the "doing business" prong.

"Under the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." Allred, 117 F.3d at 282. In addition, the Mississippi Supreme Court has stated that:

> the tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the . . . statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court.

Smith v. Temco, 252 So. 2d 212, 216 (Miss. 1971). The Fifth Circuit has also been "careful to distinguish actual injury from its resultant consequences." Allred, 117 F.3d at 282; Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996) (identifying "resultant consequences" as "pain and suffering, economic effects or other collateral consequences" that often stem from actual injury). "[C]onsequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." Allred, 117 F.3d at 282 (quoting Jobe, 87 F.3d at 753).

J.T. Shannon asserts that Xu and Chen, on behalf of Gilco, committed a tort in Mississippi by wrongfully gaining access to and obtaining information stored on J.T. Shannon's computer file server, terminal server, and e-mail server located in Horn Lake, Mississippi, through the use of remote desktop software located on J.T. Shannon's terminal server. This Court acknowledges that

the Fifth Circuit and other courts have noted that purposefully directing e-mail correspondence, accessing websites, and submitting unsolicited bulk e-mails to a forum state avails defendants of the jurisdiction of the forum.  See Internet Doorway, Inc. v. Parks, 138 F. Supp. 2d 773 (S.D. Miss. 2001); Premedics, Inc. v. Zoll Med. Corp.,  Civil Action No. 3:06cv716, 2007 U.S. Dist. LEXIS 75433, 2007 WL 3012968 (M.D. Tenn. Oct. 9, 2007); Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601 (E.D. Va. 2002).

However, J.T. Shannon has not made a prima facie showing that Chen personally accessed that information stored on J.T. Shannon's Horn Lake, Mississippi, computer servers.  In fact, in their complaint, J.T. Shannon alleges that "Gilco Lumber, Incorporated established Chen, Xu's wife, as its sales representative in China, when in reality, . . . Xu was providing Chen and Gilco Lumber with Shannon Lumber's customer contract information, proprietary sales information, pricing, forms and other data . . .."  Thus, J.T. Shannon does not facially allege that Chen purposefully and personally accessed that information to expose her to this court's jurisdiction.  J.T. Shannon's only way to connect Chen to the accessing of this information is Jim Garrard's statement that, "Claire Chen's Gmail (Google mail) e-mail account, including Ms. Chen's username and password for her Gmail account, was located and saved on Shannon's desktop computer which formerly had been located in Shannon's office in Shanghai, China."

Even accepting this contention as true as the Court is bound to do under the standard outlined above, J.T. Shannon has failed to actually show that Chen herself intentionally accessed that information on J.T. Shannon's servers in Horn Lake, Mississippi.  See Edberg v. Neogen Corp., 17 F. Supp. 2d 104, 114 (D. Conn. 1998) ("Despite the Internet's lack of territorial boundaries, the courts have attempted to apply traditional concepts of personal jurisdiction to the Internet, such as

whether the defendant intentionally reached beyond its own state to engage in business with residents of the forum state").

Even if Plaintiff could prove that the injury occurred in Mississippi from the various torts alleged, J.T. Shannon has failed to make even a bare allegation that Claire Chen was in a position to commit that tort. Indeed, Jim Garrard admits by affidavit that in order for the J.T. Shannon servers located in Horn Lake, Mississippi, to be accessed, a proper user name and proper and authorized password given only to employees must be entered. As such, Claire Chen was not an employee of J.T. Shannon. Here, the burden is on the plaintiff to make a prima facie case of jurisdiction. The Plaintiff has failed to explicitly show that Claire Chen intentionally acted to access J.T. Shannon's proprietary information. Accordingly, this Court cannot exercise jurisdiction over Claire Chen as she has not committed a tort in whole or in part in Mississippi. Claire Chen's Motion to Dismiss is granted, and she is dismissed as a party defendant.[1] Because Claire Chen has been struck as a party defendant, J.T. Shannon's Motion to Dismiss Claire Chen's Counterclaim will be granted.

The general requirements for jurisdiction under the "doing business" prong of the Mississippi Long Arm Statute are that: "(1) the non-resident . . . must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional

---

[1]By Order [69] dated February 5, 2008, the magistrate judge quashed Plaintiff's improper service on Claire Chen. Plaintiff was instructed to attempt service of process on Claire Chen using the procedures promulgated by the People's Republic of China. As Plaintiff has failed to effectuate proper service on Claire Chen seven months after this order was entered, the Court could also dismiss Claire Chen as a defendant for failing to properly serve her under Fed. R. Civ. P. 4(f).

notions of fair play and substantial justice." <u>Gross v. Chevrolet Country, Inc.</u>, 655 So. 2d 873, 877 (Miss. 1995) (citing <u>Rittenhouse v. Mabry</u>, 832 F.2d 1380, 1384 (5th Cir. 1987)).

Here, Gilco admits that its vice president, Scott England, purposely visited J.T. Shannon's lumber yard in Mississippi to discuss the prospect of selling Gilco's lumber to China through J.T. Shannon. Moreover, J.T. Shannon claims that Gilco delivered lumber products to J.T. Shannon's Horn Lake facilities for more than one year prior to the events alleged in the complaint. On invoices attached to J.T. Shannon's response, Gilco's hardwood lumber products were to be "FOB DLVD" to Shannon's facilities in Horn Lake, Mississippi. Gilco's purchase orders note that the products are to be delivered to a post office box in Memphis, Tennessee. However, Jim Garrard averred that the post office would not accept shipments; therefore, the shipments were forwarded to J.T. Shannon's Horn Lake, Mississippi, facility. J.T. Shannon asserts these are sufficient business contacts to justify this Court's exercise of personal jurisdiction over Gilco Lumber Company. Gilco contracted with J.T. Shannon; the parties performed contracts in part in Mississippi by shipping lumber directly to Mississippi; and Gilco purposefully entering the state to engage in business negotiations. Moreover, J.T. Shannon's cause of action regarding Gilco is connected with their prior business transactions in that they both concern J.T. Shannon's access to the Chinese and Asian markets and customers. Gilco has availed itself of the Mississippi long arm statute, and the exercise of personal jurisdiction over that defendant is permitted under that statute.

Once analysis of the forum state's law has been completed, the Court considers whether the exercise of jurisdiction over the defendant comports with due process. The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise

personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The defendant's contacts with the forum state must also be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154. A defendant's contacts are sufficient if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

In its consideration of this standard, the Court's analysis depends upon whether the plaintiff seeks the exercise of personal jurisdiction in a suit unrelated to the defendant's contacts with the forum state or in a suit arising out of or related to the defendant's contacts with the forum. "General jurisdiction" is personal jurisdiction based on a defendant's contacts with the forum that are unrelated to the controversy. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). To exercise general jurisdiction, the court must determine whether "the contacts are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction." Stuart v. Spade, 772 F.2d 1185, 1191 (5th Cir. 1985) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)).

"Specific jurisdiction," however, is personal jurisdiction based on contacts with the forum state that are related to the particular controversy. Helicopteros, 466 U.S. at 414, 104 S. Ct. 1868. Even a single purposeful contact may in a proper case be sufficient to meet the requirement of minimum contacts when the cause of action arises from the contact. Micromedia v. Automated Broadcast Controls, 799 F.2d 230, 234 (5th Cir. 1984). To exercise specific jurisdiction, the Court

must examine the relationship among the defendants, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. Shaffer v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). With these well-established principles in mind, the Court looks to the present case.

Plaintiff's claims against Gilco are not necessarily predicated upon Gilco's specific contacts with the state. Therefore, the Court must determine whether Gilco's contacts with Mississippi are sufficiently systematic and continuous to support this Court's exercise of general jurisdiction.

Both parties concede that Gilco Lumber and J.T. Shannon Lumber Company engaged in business transactions together. Of course, the mere fact that Gilco contracted with a Mississippi company is not sufficient basis for finding it had the minimum contacts required for an exercise of personal jurisdiction. Rather, the court must "look to the factors of prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing to determine whether [Gilco] purposefully established minimum contacts with the forum." Stuart v. Spademan, 772 F.2d 1185, 1193 (5th Cir. 1985).

Based on the record in front of the Court, Gilco and J.T. Shannon's business relationship began in 2005. Gilco sold hardwood lumber products to J.T. Shannon for shipment to J.T. Shannon's Chinese and Asian market customers. Invoices produced by the parties show that Gilco delivered numerous loads of hardwood between September and November 2005 to J.T. Shannon's Horn Lake, Mississippi, facility. Gilco acknowledges that between March 2005 and March 2006, J.T. Shannon was a non-exclusive broker of Gilco lumber to China. Moreover, as noted above, Scott England's visit to the Horn Lake facility in late 2004 or early 2005 put Gilco on notice that they were engaged in business with a Mississippi corporation. Therefore, Gilco Lumber Company purposefully

established minimum contacts with Mississippi by engaging in systematic and continuous dealings with J.T. Shannon, a Mississippi company. Accordingly, this Court has authority to exercise personal jurisdiction over the defendant Gilco Lumber, and its' Motion to Dismiss for Lack of Personal Jurisdiction is denied.

### B. Motion to Dismiss Gilco's Counterclaim

J.T. Shannon has also filed a Motion to Dismiss Gilco's Counterclaim [79]. In that counterclaim, Gilco seeks to recover punitive damages under the Litigation Accountability Act, found at Mississippi Code Section 11-55-1, *et seq.*, against J.T. Shannon for their bad faith initiation of this case. In their response, Gilco concedes that the Mississippi Litigation Accountability Act does not create an independent cause of action against the Plaintiff. However, Gilco asserts that they have also put forth facts supporting claims for harassment, interference with business relations or prospective advantage, malicious prosecution, and attempting to improperly obtain proprietary business information.

"A Rule 12(b)(6) motion is disfavored, and it is rarely granted." Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981). Dismissal is never warranted because the court believes the [counterclaimant] is unlikely to prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the [counterclaim] cannot be dismissed so long as the [counterclaim] states a claim. Clark, 794 F.2d at 970; Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 762 (5th Cir. 1984).

Gilco alleges that J.T. Shannon did not file this action against Gilco in good faith. In fact,

Gilco asserts, J.T. Shannon

> clearly knew or reasonably should have known that its action against Gilco is without substantial justification and is filed for the purpose of harassing and harming Gilco and others, for the purpose of obtaining proprietary information from Gilco[,] and for the further purpose of damaging, injuring and interfering with Gilco's relationships with its sales representatives in China and in Asia and others who might be prospective sales representatives for Gilco in those areas.

Gilco does allege facts sufficient to maintain a claim against J.T. Shannon for harassment, interference with business relations, malicious prosecution, and attempting to improperly obtain proprietary business information. Accordingly, J.T. Shannon's Motion to Dismiss Gilco's Counterclaim is denied.

*C. Motion to Supplement Gilco Lumber's Rebuttal [132] and J.T. Shannon's Motion for Leave to File Supplemental Response [139]*

In Gilco Lumber's Reply to its Motion to Dismiss for Lack of Personal Jurisdiction, it asserted for the first time that J.T. Shannon Lumber Company was not the proper party to bring this lawsuit. Gilco alleged that Shannon Lumber International would be the party that suffered any alleged injury from the torts claimed. Moreover, Gilco argues that J.T. Shannon cannot sustain a claim under the Mississippi Uniform Trade Secrets Act or the Federal Computer Fraud and Abuse Act. J.T. Shannon attempted to file an out of time sur-rebuttal without leave of court to address those contentions; and the Court struck the same. Gilco now returns and asks to supplement its Reply with additional evidence that J.T. Shannon is not the proper party in this action. Further, J.T. Shannon seeks leave of court to file the "supplemental response" allegedly proving that J.T. Shannon and Shannon Lumber Company are the same entity which the Court struck earlier.

"It is the practice of this court and the district courts to refuse to consider arguments raised

for the first time in reply briefs." <u>Gillaspy v. Dallas Indep. Sch. Dist.</u>, No. 06-11204, 2008 WL 2037257, 2008 U.S. App. LEXIS 10294, *20 (5th Cir. May 13, 2008). Gilco's contention that J.T. Shannon is not the proper party in this case was introduced by reply to the motion to dismiss for lack of personal jurisdiction. Therefore, the Court will not entertain those arguments in this capacity. Gilco maintains that whether J.T. Shannon or Shannon Lumber International is the proper party affects whether this Court has personal jurisdiction over Gilco under the tort prong of the Mississippi long-arm statute. As the Court has already found Gilco subject to personal jurisdiction under the doing business prong of the Mississippi long-arm statute, this argument is inapposite.

If the parties wish to re-raise the issue of whether J.T. Shannon is the proper party to this lawsuit, they are encouraged to do so by proper motion. Thus, Gilco's Motion to Supplement its Rebuttal will be denied, and J.T. Shannon's Motion for Leave to file supplemental responses is denied.

*Conclusion*

This Court cannot exercise jurisdiction over Claire Chen as Gilco has failed to show that she intentionally performed a tort occurring in part in this State. Further, there has been no service on Claire Chen, thus, she is dismissed as a party defendant, and her counterclaim is dismissed as well. Gilco Lumber Company has engaged in a sufficient systematic and continuous level of business dealings with J.T. Shannon Lumber Company in Mississippi to allow this Court to have personal jurisdiction over that company. Moreover, Gilco has alleged enough facts in its counterclaim to avoid dismissal.

SO ORDERED, this the  22nd  day of September, 2008.

**/s/ Sharion Aycock**

**U.S. DISTRICT JUDGE**