IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


J.T. SHANNON LUMBER
COMPANY, INC.                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO.
                                                                2:07-CV-119


GILCO LUMBER, INCORPORATED,
JIANLIANG "GARY" XU,
JOHN DOES 1,2 AND 3                                              DEFENDANTS


<u>ORDER</u>


        Lexington Insurance Company seeks to intervene as a matter of right in the above-styled

case [docket no. 120] for the purpose of submitting special interrogatories and jury verdict forms

to the jury. Lexington issued a commercial general liability policy to the defendant, Gilco

Lumber, Inc. and  Lexington is defending Gilco under a reservation of rights based upon the

belief that only certain claims are covered by the policy issued to Gilco [docket no. 120 ].

Lexington seeks to intervene by  providing special interrogatories or a special verdict form so

that in the event that a verdict is returned against Gilco, the liability may be apportioned among

the claims covered and not covered under the Lexington policy. Lexington claims that without

the special interrogatories or jury verdict forms, it will be impossible to determine what portion

of the verdict can be attributed to the claim's covered by the insurance policy.  Both the plaintiff

and the defendant object to Lexington's request for intervention on substantially similar grounds.

        RULE 24(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE require the court to allow a

party to intervene who meets the following criteria. The motion to intervene as a matter of right

must be timely, the party must demonstrate an interest in the subject matter of the action, the

disposition of that case may impair or impede the potential intervener's ability to protect its interest, and the existing parties cannot adequately represent that interest. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). Failure to satisfy one of the elements precludes the party's right to intervene. *Id.* It should be noted that the inquiry is a flexible one that focuses on the facts and circumstances surrounding the motion. *Id.*

In *Stallworth v. Monsanto Co.*[1] the Fifth Circuit identified four factors to be considered when evaluating whether a motion to intervene is timely. The first factor is the length of time during which the potential intervenor actually knew or reasonably should have known of his interest in the case before he filed. *Stallworth*, 558 F.2d at 265. The second factor is the extent of prejudice the existing parties may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he knew or reasonably should have known of his interest in the case. *Id.* Third, the court should consider the extent of prejudice that the would-be intervenor may suffer if his petition is denied. *Stallworth*, 558 F.2d at 265-66. Finally, the court should evaluate any unusual circumstances militating either for or against a determination regarding a motion for intervention as a matter of right. *Id.* at 266.

The party seeking to intervene must demonstrate that they have an interest that is "significantly protectable." *Restor-A-Dent Dental Laboratories, Inc. V. Certified Alloy Products, Inc.*, 725 F.2d 871, 874 (2nd Cir. 1984), citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Further, the interest must be direct, rather than remote or contingent. *Restor-A-Dent*, 725 F.2d at 874.

Restor-A-Dent brought suit against Certified Alloy Products, Inc. for breach of contract

_____

[1] 558 F.2d 257 (5th Cir. 1977).

and damages for loss of profits due to breach of contract and warranty of merchantability and fitness. *Restor-A-Dent*, 725 F.2d at 872. Unigard, Certified's general liability insurer, retained counsel to represent Certified, but would not indemnify Certified for intangible losses. *Id.* Just as in this case, Unigard sought to intervene in order to submit written interrogatories to the jury to determine the allocation of the jury's award to claims covered by the insurer. *Id.* at 873. The court evaluated Unigard's ability to intervene as a matter of right based upon whether the insurer had an interest in the subject matter of the action. The subject matter of the lawsuit was Certified's delivery of allegedly defective alloy to Restor-A-Dent, thus Unigard did not have an interest in the case. *Restor-A-Dent*, 725 f.2d at 875. In addition, the interest asserted by Unigard was dependent upon two contingencies: (1) a jury verdict against Unigard's insured, and (2) a finding that the insurer was not responsible for indemnification of certain losses under the policy. *Id.*

The court finds that Lexington's motion to intervene is not timely, and Lexington does not have a direct interest in the instant case necessary for the court to allow it to intervene as a matter of right. The complaint against Gilco Lumber was filed on July 13, 2007, and Gilco notified Lexington of the claim on August 2, 2007. *See* Docket no. 131 at 2. Lexington issued its first reservation of rights letter on October 4, 2007. *See* Docket no. 131 at 2. Lexington, however, did not file its motion to intervene until August 6, 2008 – ten months following its acknowledgment that it was defending Gilco, but reserving the right to deny coverage of certain claims. Lexington's assertion that it was not aware of the potential conflict of interest between its interest and Gilco's interest until the Fifth Circuit decided *Hartford Underwriters Ins. Co. v. Foundation Health Services, Inc.*, 524 F.3d 588 on April 9,2008 is not a compelling defense of

its failure to timely file its motion to intervene. *Hartford* is really a choice of laws case, and it only peripherally discussed the inherent conflict when an insurer represents an insured under a reservation of rights.

Further, in 2005 the Fifth Circuit decided *Ross v. Marshall*, in which it discussed *Restor-A-Dent* in detail. *See Ross*, 426 F.3d at 758. Finally, Lexington notes that it is filing its motion "provisionally" so that it meets the requirement for timeliness. Docket no. 120, p. 8. The court also does not find the use of the qualifier "provisional" to be plausible; if the court were to grant Lexington's motion to intervene, there would be nothing provisional about it; Lexington would have the right to intervene.

The facts of *Restor-A-Dent* are substantially similar to those in this case, and the *Restor-A-Dent* court's reasoning is persuasive. Consequently, this court finds that Lexington does not have a direct interest in this case which would allow intervention under Rule 24(a)(2). Shannon's claims against Gilco include, among others, intentional interference with contractual and business relationships, breach of fiduciary and contractual duties and conspiracy to wrongfully convert proprietary and confidential information [docket no. 1]. Although Lexington's insurance policy may indemnify some of the claims, Lexington's property interest in this matter is too remote to allow intervention as a matter of right. Lexington's potential liability in this matter is contingent upon, first, a jury verdict against Gilco and, second, a finding that some of the claims against Gilco are not covered by the general liability policy issued by Lexington. Lexington's interest in the underlying case is twice removed from the various claims by contingencies, thus its interest in the underlying action is remote. Accordingly, Lexington has not met two of the required elements under Rule 24(a)(2) – timeliness and an interest in the

subject of the action.

For these reasons, it is

ORDERED

That Lexington's motion to intervene as a matter of right is DENIED

This the 7th day of October, 2008.


/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE