IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

J.T. SHANNON LUMBER
COMPANY, INC.                                                                    PLAINTIFF

V.                                                                                        CIVIL ACTION NO.
                                                                                          2:07-CV-119-SA-SAA

GILCO LUMBER INCORPORATED,
et al                                                                                      DEFENDANTS

## ORDER

The plaintiff, J.T. Shannon Lumber Company, Inc., requests the court reconsider its order quashing the subpoenas *duces tecum* served on Microsoft Corporation, Google, Inc. and Yahoo!, Inc. [docket no. 127]. The court quashed the subpoenas *duces tecum* because they were facially invalid under the Stored Communications Act of 1986. 18 U.S.C. §§ 2701-03 (2006). Moreover, the court found the requested information contained in the subpoenas to be overly broad and unduly burdensome because of the expansive scope of the requested information without sufficient evidence to demonstrate that it would likely lead to admissible evidence. Docket no. 124, pp. 3-4. The plaintiff now requests that the court "direct the Defendant, Gilco Lumber Incorporated ("Gilco") to consent to the release of the information from the listed e-mail providers and require its employees to do so as well." Docket no. 127, p.1. The plaintiff seeks this relief so as to avoid the Stored Communications Act. *Id.*

The court does not typically recognize a motion for reconsideration unless the moving party can show evidence of: 1) an intervening change in controlling law, 2) the availability of new evidence not previously available, or 3) the need to correct a clear error of law or prevent manifest injustice, as required for reconsideration. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S. D. Miss. 1990).

The Stored Communications Act has not changed since the court issued its order quashing the subpoenas *duce tecum*; thus the statute still controls this matter. The statute is clear on this matter – the third party intermediaries may not disclose such information.[1] The subpoenas as issued remain facially invalid.[2]

In addition to requesting the court reconsider its order quashing the subpoenas *duces tecum*, the plaintiff requests additional relief, which is not proper. By requiring the defendant and its employees to consent to the disclosure of such information by subpoena of the internet service provider, the court would undermine the statute's intent to create a zone of privacy around that medium. There is no exception in the statute for civil discovery, and the court declines to create one by allowing an end run around the statute. *See generally In re Subpoena Duces Tecum to AOL, LLC.*, 550 F.Supp. 2d 606, 611 (E.D. Va. 2008). Finally, the plaintiff has other means of obtaining any discoverable information at its disposal, which would not be contrary to the Stored Communications Act. Therefore, the court is not persuaded by the plaintiff's arguments.

For these reasons, it is ORDERED

That the plaintiff's motion to reconsider is DENIED

This the 29th day of October, 2008.

                                        /s/ S. ALLAN ALEXANDER
                                        U. S. MAGISTRATE JUDGE

---

[1] 18 U.S.C. § 2702 (2008).

[2] The plaintiff encourages the court to follow the holding in *O'Grady v. Superior Court*, 44 Cal.Rptr. 3d 72, 88 (2006). *O' Grady* supports the court's original order and does not create any exception to the privacy act for civil discovery or allow for coercion of defendants to allow such disclosure. Therefore, *O'Grady* does not support the plaintiff's motion for reconsideration.