# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**J. T. SHANNON LUMBER COMPANY, INC.**                                   **PLAINTIFF**

**V.**                                                **CAUSE NO.: 2:07CV119-SA-SAA**

**GILCO LUMBER, INC., et al**                                            **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is James H. Harless' Motion to Dismiss [222], and Scott England's Motion to Dismiss [223]. The rebuttals, replies, and attendant exhibits have been filed under seal. After reviewing the motions, responses, pertinent law and authorities, the Court finds as follows:

*Factual and Procedural Background*

James H. Harless, a West Virginia native for ninety years, is the Chariman of Gilco Lumber Incorporated ("Gilco"). In this capacity, he is responsible for the overall management of Gilco, and in particular, its company-wide policy matters. James Harless executed an affidavit that other than a social visit to friends in Mississippi and post-litigation communication with his attorneys, he has never been to Mississippi. He has not traveled to Mississippi for business purposes or communicated with any person in Mississippi for business purposes. Harless has never personally owned property in Mississippi, never paid taxes in Mississippi, never personally conducted business in Mississippi, and never personally solicited business in Mississippi.

Scott England is also a West Virginia resident and Gilco employee. England admits that he has been in Mississippi for business purposes on two occasions: once in 1999 and once in 2004. In 2005, England avers that Gilco attempted to form a joint venture with J.T. Shannon for the sale and distribution of lumber to the Asian market. England made two business calls to Jack Shannon, Jr.,

in Mississippi, on behalf of Gilco in pursuit of this joint venture.

Plaintiff filed a Second Amended Complaint adding these two persons as defendants and alleging the following claims against them: intentional interference with Shannon's contractual, business relationships, and prospective business advantages; fraudulent inducement; fraudulent concealment; conspiracy to convert proprietary trade secrets; conversion; and Mississippi Uniform Trade Secrets Act violations. Plaintiff's claims against these two Defendants in their personal capacities stem from the alleged misdealing among James H. Harless, Scott England, Gary Xu, and Claire Chen.

Both newly-named Defendants assert that they have not purposely availed themselves of the jurisdiction of this Court and request that they be dismissed for lack of personal jurisdiction.

*Discussion and Analysis*

When a district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff must only make a prima facie case that jurisdiction is proper. Quick Techs., Inc. v. Sage Group, PLC, 313 F.3d 338, 343 (5th Cir. 2002). In determining whether a prima facie case for personal jurisdiction exists, a court must accept the uncontroverted allegations in the plaintiff's complaint as true, and all factual conflicts contained in the parties' affidavits must be resolved in favor of the plaintiff. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

A federal court sitting in diversity may exercise personal jurisdiction only to the extent allowed a state court under applicable state law. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048, 118 S. Ct. 691, 139 L. Ed. 2d 637 (1998). "A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment

to the United States Constitution." Id. at 281 (quoting Cycles, Ltd. v. W. J. Digby, Inc., 889 F.2d 612, 616 (5th Cir. 1989)). However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendants, we need not consider the due process issue. Cycles, 889 F.2d at 616.

Mississippi's long-arm statute, which consists of three prongs - the contract prong, the tort prong, and the doing business prong, provides:

> Any nonresident . . . corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. Thus, in order to exercise jurisdiction over the defendants, the court must find that (1) the defendants entered into a contract with plaintiff to be performed in whole or in part in Mississippi; or (2) the defendants committed a tort, in whole or in part, against a plaintiff in Mississippi; or (3) the defendants were "doing business" in Mississippi. See Roxco, Ltd. v. Harris Specialty Chem., Inc., 133 F. Supp. 2d 911, 915 (S.D. Miss. 2000). Here, Plaintiff and Defendants agree that in personam jurisdiction over James H. Harless and Scott England is only available under either the tort prong or the "doing business" prong.

"Under the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." Allred, 117 F.3d at 282. The Mississippi Supreme Court has stated that:

> the tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the . . . statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court.

Smith v. Temco, Inc., 252 So. 2d 212, 216 (Miss. 1971). The Fifth Circuit has also been "careful to distinguish actual injury from its resultant consequences." Allred, 117 F.3d at 282; Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996) (identifying "resultant consequences" as "pain and suffering, economic effects or other collateral consequences" that often stem from actual injury). "[C]onsequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." Id. (quoting Jobe, 87 F.3d at 753).

Mississippi follows the general rule that when a corporate officer directly participates in or authorizes the commission of a tort, even on the behalf of the corporation, he may be held personally liable. Mozingo v. Correct Manu. Corp., 752 F.2d 168, 173 (5th Cir. 1985). The thrust of the general rule is that the officer to be held personally liable must have some direct, personal participation in the tort, "as where the defendant was the 'guiding spirit' behind the wrongful conduct . . . or the 'central figure' in the challenged corporate activity." Id. (quoting Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 907 (1st Cir. 1980)).

Plaintiff alleges that Harless purposefully directed England to engage in negotiations with Shannon regarding the proposed joint venture and directed Scott England to travel to China to interfere with Shannon's confidentiality and non-competition agreement with Gary Xu. Harless' uncontroverted affidavit attests that while Harless did approve the employment of Claire Chen as a Gilco representative in China, he did not direct, authorize, or have knowledge of any scheme to convert information belonging to J.T. Shannon. Plaintiff failed to make the necessary connection between James H. Harless and the commission of any alleged tort in this action. Thus, this Court can not assert in personam jurisdiction over James H. Harless on the basis that he was the "guiding

4

spirit" behind the alleged commission of a tort against an in-state plaintiff.

Shannon contends that Scott England personally participated in and directed the commission of the torts alleged in the Second Amended Complaint. Plaintiff has averred that England maliciously interfered with Gary Xu's employment with Shannon by inducing Xu to breach his contract of employment. The uncontroverted evidence establishes that England did first offer the job of Gilco sales representative in Asia to Gary Xu. However, Gary Xu did not accept that offer. Plaintiff also alleges that England interfered with J.T. Shannon's business relationships. Jack Shannon, Jr., testified that J.T. Shannon's customers are not exclusive to J.T. Shannon and have the option of purchasing from any company they choose. Moreover, Shannon declared that the seller's relationship with the customers were more important than knowledge of who they were, and that customers were easily identified. Plaintiff also claims that England interfered with prospective business advantages. Again, there is no evidence that Scott England personally and directly participated in the commission of these torts.

Regardless of whether Plaintiff has established that Harless and England purposefully participated in the commission of a tort against a Mississippi resident, the requirement that the tort be performed in whole or in part in Mississippi is lacking in this instance. An alleged tortfeasor need not have been present in the state; if he causes injury in Mississippi, he is covered by the Mississippi Long Arm Statute. See Smith, 252 So. 2d at 216. The Fifth Circuit has carefully distinguished between "damages" and "injury" in interpreting Mississippi's Long-Arm Statute. "The term 'injury' commonly denotes the invasion of any legally protected interest of another" whereas "the term 'damages' is understood to mean the harm, detriment or loss sustained by reason of an injury." Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 & n.2 (5th Cir. 1996). "Consequences stemming from the

5

actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." Id. at 753; see also Cycles, Ltd., 889 F.2d at 619 ("We have held that with respect to Mississippi's long-arm statute a tort occurs where and when the actual injury takes place, not at the place of the economic consequences of the injury.").

The consequences attendant with the torts alleged by J.T. Shannon against Harless and England necessarily manifested in China. The Plaintiff alleges that the individual Defendants interfered with the contractual and business relationship between Shannon and Gary Xu, induced Xu to breach his employment contract, conspired to convert their proprietary trade secrets regarding Asian customer contacts, converted and misappropriated those trade secrets. The injury at issue in all these torts occurred outside the State of Mississippi. Thus, this Court cannot exercise in personam jurisdiction over either individual Defendant under the tort prong of the Mississippi Long Arm Statute.

The general requirements for jurisdiction under the "doing business" prong of the Mississippi Long Arm Statute are that: "(1) the non-resident . . . must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice." Gross v. Chevrolet Country, Inc., 655 So. 2d 873, 877 (Miss. 1995) (citing Rittenhouse v. Mabry, 832 F.2d 1380, 1384 (5th Cir. 1987)).

Gilco has admitted that Scott England purposely visited J.T. Shannon's lumber yard in Mississippi to discuss the prospect of selling Gilco's lumber in Asia through J.T. Shannon. The causes of action alleged against Scott England are based on Gary Xu's employment and non-compete

contract, not based on any dealings between Gilco and J.T. Shannon regarding a proposed joint venture into the Asian marketplace. Moreover, J.T. Shannon has not alleged England had personally conducted business in Mississippi. The existence of jurisdiction, pursuant to the Mississippi long-arm statute, over a corporate defendant does not, in and of itself, confer jurisdiction over the corporation's officers. See Moore Video Distrib., Inc. v. Quest Enter., Inc., 823 F. Supp. 1332, 1340 (S.D. Miss. 1993). "Some independent, individualized contacts must exist between the nonresident defendants and the forum." Cole v. Alton, 567 F. Supp. 1081, 1083 (N.D. Miss. 1983); Webb v. Culberson, Heller & Norton, 357 F. Supp. 923, 925 (N.D. Miss. 1973). As Plaintiff has not asserted any individualized contacts on the part of Scott England, Plaintiff has not carried its burden that the Mississippi Long Arm Statute provides for personal jurisdiction over Scott England under the "doing business" prong.

James H. Harless has not personally conducted any action in Mississippi remotely related to Plaintiff's claims against him. Therefore, Plaintiff has not carried its burden of proving that Harless is subject to Mississippi court jurisdiction under the "doing business" prong of the Mississippi Long Arm Statute.

However, even if the Court assumes, for purposes of this motion, the Plaintiff has met one of the Mississippi Long Arm Statute prongs for the exercise of personal jurisdiction over the Defendants, exercise of jurisdiction over those Defendants does not comport with due process. The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (quoting Int'l Shoe Co. v.

Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The defendant's contacts with the forum state must also be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154. A defendant's contacts are sufficient if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

In its consideration of this standard, the Court's analysis depends upon whether the plaintiff seeks the exercise of personal jurisdiction in a suit unrelated to the defendant's contacts with the forum state or in a suit arising out of or related to the defendant's contacts with the forum. "General jurisdiction" is personal jurisdiction based on a defendant's contacts with the forum that are unrelated to the controversy. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). To exercise general jurisdiction, the court must determine whether "the contacts are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction." Stuart v. Spade, 772 F.2d 1185, 1191 (5th Cir. 1985) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)).

"Specific jurisdiction," however, is personal jurisdiction based on contacts with the forum state that are related to the particular controversy. Helicopteros, 466 U.S. at 414, 104 S. Ct. 1868. Even a single purposeful contact may in a proper case be sufficient to meet the requirement of minimum contacts when the cause of action arises from the contact. Micromedia v. Automated Broadcast Controls, 799 F.2d 230, 234 (5th Cir. 1984). To exercise specific jurisdiction, the Court must examine the relationship among the defendants, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. Shaffer

v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

Here, there are no minimum contacts sufficient to warrant personal jurisdiction over either Defendant. Harless has not availed himself of this Court's jurisdiction, has not traveled to Mississippi for any length of time, has not transacted personal business within this State, and has not purposefully directed his actions toward this State. Scott England has had limited contact with this State and could not have reasonably foreseen that he would be haled into court in Mississippi for actions taken on behalf of his corporation. Thus, exercising jurisdiction over them would not comport with traditional notions of fair play and substantial justice. See Cole, 567 F. Supp. at 1084 (where defendants were acting on behalf of a lawful corporation, jurisdiction could not, within the bounds of fair play and substantial justice, be asserted vicariously over the defendants individually).

Accordingly, James H. Harless' Motion to Dismiss [222] is GRANTED,[1] and Scott England's Motion to Dismiss [223] is GRANTED.

J.T. Shannon has requested leave to file a sur-reply in opposition to Defendants' replies in support of their motions to dismiss. Plaintiff argues that Defendants made additional arguments in their replies that were not addressed by the Plaintiff. "It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs." Gillaspy v. Dallas Indep. Sch. Dist., No. 06-11204, 2008 WL 2037257, 2008 U.S. App. LEXIS 10294, *20 (5th Cir. May 13, 2008). Accordingly, Plaintiff's Motion for Leave [234] is DENIED. The Court did not consider any arguments not fully briefed by both parties or brought up in Defendants' replies.

---

[1] Because James H. Harless is dismissed as a party defendant by this Order, Harless' Motion for Summary Judgment [288] is determined to be MOOT.

9

As a result of Plaintiff's Motion for Leave, Defendants filed a Motion to Strike [241]. That motion is hereby MOOT. The Court did not review the document and supporting authorities the Defendants seek to exclude.

*Conclusion*

This Court cannot exercise jurisdiction over James H. Harless or Scott England as Plaintiff has failed to prove that under the Mississippi Long Arm Statute or due process clause, this Court has jurisdiction over those defendants.

This Court will next consider the Motion for Summary Judgment filed in this case by Gilco, and the Motion for Summary Judgment filed by the Plaintiff. In anticipation of those motions, the Court hereby GRANTS the following outstanding motions:

[291] Motion for Leave to File Excess Pages

[295] Motion for Extension of Time to File Response/Reply. Defendant shall have one full business day after the docketing of this Order to file its' Reply.

[296] Motion for Leave to File Excess Pages

[297] Motion to Seal

[298] Motion to Seal

[300] Motion to Amend Motion to Seal [298]

[301] Motion to Seal

[308] Motion for Leave to File Excess Pages

[309] Motion to Seal.

SO ORDERED, this the 11th day of January, 2010.

                                      **/s/ Sharion Aycock**
                                      **U.S. DISTRICT JUDGE**